UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOHN KITTERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>FARMINGTON CASUALTY COMPANY (TRAVELERS INSURANCE), and THE HARTFORD FIRE INSURANCE COMPANY,<br><br>    Defendants. | Civ. No. 21-5039<br><br>COMPLAINT |

    Comes now the Plaintiff, John Kitterman, by and through his attorneys of record, and for his Complaint and cause of action against the above-named Defendants, states and alleges as follows:

**PARTIES**

1. Plaintiff John Kitterman ("Kitterman") is a resident of Wall, South Dakota.

2. Defendant Farmington Casualty Company/Travelers Insurance ("Travelers") is domiciled in the State of Connecticut and doing business in the State of South Dakota.

3. Defendant The Hartford Fire Insurance Company ("Hartford") is domiciled in the State of Connecticut and doing business in the State of South Dakota.

4. The circumstances which are the subject matter of this Complaint occurred in the State of South Dakota, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Jurisdiction is proper based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

1

6. At all times material herein, Kitterman was employed by Golden West Telecommunications ("Employer").

7. At all times material herein, either of the Defendants Travelers and Hartford were the workers' compensation insurer for Employer.

8. At all times material herein, all Defendants had a duty under South Dakota law to ensure and provide workers' compensation benefits to injured employees and to ensure these benefits are timely provided.

## FACTS

9. The Employer was insured under the Worker's Compensation Laws of the State of South Dakota at all times relevant hereto.

10. Prior to January 1, 2016, Employer had a workers' compensation insurance policy with Hartford.

11. From January 1, 2016, to at least December 31, 2016, Employer had a workers' compensation insurance policy with Travelers.

12. On January 11, 2016, Kitterman reported discomfort in his right wrist to Employer's Human Resources assistant.

13. Employer's Human Resources assistant informed Kitterman that she would fill out a First Report of Injury that day, January 11, 2016.

14. Kitterman sought medical treatment for his right wrist.

15. Kitterman was diagnosed with carpal tunnel syndrome on January 28, 2016.

16. On May 19, 2016, Dr. David Lang, Kitterman's treating medical provider opined that Kitterman's carpal tunnel syndrome was causally related to his employment, mentioning his long career doing a lot of wire handling with gripping, squeezing, and grasping.

17. Kitterman's employment with Employer was a major contributing cause of his carpal tunnel injury and need for treatment.

18. Kitterman timely provided Employer with actual and written notice of the work-related injury.

19. Kitterman required medical care and treatment as a result of his carpal tunnel injury.

20. Kitterman incurred medical care expenses and treatment expenses as a result of his carpal tunnel injury.

21. At the time of reporting the injury, Travelers was the workers' compensation insurer.

22. Under SDCL 62-7-38, Travelers was required to "make *immediate* payment of the claim *until* all ... insurers agree on responsibility or the matter is appropriately adjudicated by the Department of Labor and Regulation..." (emphasis added).

23. The duties under SDCL 62-7-38 are clear and not fairly debatable.

24. Travelers did not follow the requirements of SDCL 62-7-38 by making immediate payment of the claim.

25. Instead, both insurance companies denied Kitterman's claim for medical benefits.

26. On April 28, 2016, Travelers denied Kitterman's claim for workers' compensation benefits.

27. Travelers failed to adequately investigate the claim.

28. Travelers' denial was without a reasonable basis or cause.

29. Travelers knew the denial was without a reasonable basis or cause, or recklessly disregarded the information it had when making the denial.

30. Travelers asserted a basis for denial to avoid paying the claim, which Travelers knew had no factual or legal basis.

31. Travelers unreasonably failed to reconsider its denial when presented with new information regarding the claim.

32. On July 14, 2016, Hartford denied Kitterman's claim for workers' compensation benefits.

33. Hartford failed to adequately investigate the claim.

34. Hartford's denial was without a reasonable basis or cause.

35. The Hartford knew the denial was without a reasonable basis or cause, or recklessly disregarded the information it had when making the denial.

36. The Hartford asserted a basis for denial to avoid paying the claim, which the Hartford knew had no factual or legal merit.

37. The Hartford failed to reconsider its denial when presented with new information, in bad faith.

38. Travelers and Hartford did not agree on responsibility for Kitterman's work injury.

39. Travelers and Hartford did not seek to have the matter appropriately adjudicated by the Department of Labor and Regulation.

40. Because both insurers denied, Kitterman's workers' compensation benefits were not paid by any workers' compensation insurer.

41. The insurers violated their legal duties to provide or pay for Kitterman's medical care.

42. As a result of these denials, Kitterman brought these matters to the South Dakota Department of Labor ("Department") for determination of responsibility of the insurers.

43. The Hartford and Travelers continued to deny the claim.

44. Kitterman's case was litigated extensively from 2016 through 2019.

45. Defendant Travelers submitted the medical opinion of Dr. Bruce Elkins on December 27, 2017.

46. Dr. Elkins' report was limited to the question of whether the injury was caused by work over an 11-day period, from January 1, 2016 to January 11, 2016.

47. Dr. Elkins opined that the carpal tunnel condition was "present/ongoing prior to January

4

2016."

48. Defendant Travelers requested that Plaintiff attend an IME with Dr. Elkins on January 18, 2018.

49. Plaintiff attended the evaluation and the results were unchanged from the previous opinion.

50. Dr. Elkins' opinion did not contradict Dr. Lang's opinion.

51. Defendant Hartford also denied Plaintiff's claims for benefits, on the basis of Dr. Elkins' opinions, even though his opinion did not support Defendant Hartford.

52. In August 2018, the Department determined that Travelers was not ultimately responsible for the medical care.

53. Despite the clear requirements of SDCL 62-7-38, Travelers had not paid for Kitterman's workers' compensation benefits up to that time.

54. Travelers unreasonably delayed and denied payment of Kitterman's workers' compensation claim during the pendency of Travelers' efforts to avoid liability.

55. Travelers knew there was no basis to deny payment under SDCL 62-7-38, but fabricated excuses to avoid payments under this statute during the pendency of the resolution of the claim.

56. Rather than paying for benefits and contesting its obligation to do so, Travelers shifted the burdens of litigation to Kitterman, forcing him to litigation, rather than proceeding under the statutory procedures which required suit between the insurers, with all associated costs, time, and stress.

57. The Hartford still failed to pay benefits for Kitterman's workers' compensation injury.

58. No hearing was held before the Department of Labor.

59. The Hartford presented no evidence that the workers' compensation claim was not

compensable.

60. The Hartford obtained no expert opinions to support its position, but instead unreasonably relied on the opinions of Travelers' expert witness, whose opinion did not support Hartford's position.

61. The Hartford unreasonably delayed and denied Kitterman's workers' compensation claim.

62. The Hartford knew there was no basis to deny Claimant's benefits, but fabricated excuses to avoid payment.

63. Defendants harassed and wasted Plaintiff's time with unnecessary legal proceedings and evaluations, in an effort to avoid admitting the compensability of the claim and to cover up or excuse their bad faith denials.

64. Plaintiff was required to take time off of work to address these matters.

65. On February 14, 2019, the Department entered its Memorandum Decision ("2019 Decision").

66. The 2019 Decision definitively concludes that Kitterman provided notice to Employer and Hartford in accordance with SDCL § 62-7-10, and that Kitterman's work-related activities were a major contributing cause of his condition. *Id.*

67. The 2019 Decision was confirmed by an Order signed by Judge Faw on April 23, 2019 ("Order of the Department"):

> "ORDERED that John Kitterman ... has established by a preponderance of the evidence his entitlement to workers' compensation benefits for his right hand/carpal tunnel injury, pursuant to SDCL Title 62, and it is further
>
> ORDERED that the Employer and Insurer [Golden West Telecommunications and The Hartford Fire Insurance Company] shall pay for Claimant's workers' compensation medical benefits, established in the amount of $10,046.66, plus interest in the amount of $2,296.84, as of September 19, 2018, plus interest in the amount of $2.84 per day after that date."

## COUNT I – BAD FAITH

68. Plaintiff realleges paragraphs 1 through 67 above, inclusive, and they are specifically incorporated by reference, as if set out in full herein.

69. Defendants unreasonably denied and delayed providing medical worker's compensation benefits to Kitterman, as required by law and contract.

70. Defendants knew or should have known that they, individually or collectively, had no reasonable basis to deny Kitterman's worker's compensation benefits.

71. Defendants failed to perform a reasonable and good faith investigation before denying or unreasonably delaying Kitterman's workers' compensation benefits, forcing him to file litigation and bring it to conclusion.

72. Defendants knew or should have known that there was no reasonable basis to deny Kitterman's medical workers' compensation benefits, or were recklessly indifferent to, or recklessly disregarded, the facts and proofs submitted or known to them when they withheld, denied, or delayed such workers' compensation benefits.

73. Defendant Travelers had no basis to deny workers compensation benefits under SDCL 62-7-38.

74. The plain language of SDCL 62-7-38 is not fairly debatable.

75. Defendant Travelers knew it had no basis to deny workers compensation benefits under SDCL 62-7-38.

76. Defendant Hartford denied workers' compensation benefits to Kitterman, without a reasonable basis.

77. Defendant Hartford failed to reasonably investigate Kitterman's claim and/or recklessly disregarded the evidence and proofs that were submitted.

7

78. Defendant Hartford knew it had no basis to deny Kitterman's workers' compensation claim.

79. Kitterman suffered unnecessary waste of time and use of sick leave, frustration, mental suffering, and other damages as a result of the Defendants' failure to pay his workers' compensation claim.

80. Defendants have otherwise breached its duty of good faith and fair dealing with Kitterman.

## COUNT II – CONVERSION

81. Plaintiff realleges paragraphs 1 through 80 above, inclusive, and they are specifically incorporated by reference, as if set out in full herein.

82. Defendants exerted unauthorized control or dominion over the property of Kitterman, by the above-described actions, in a way that rejected and denied Kitterman's right to these funds, or in a manner inconsistent with Kitterman's rights.

83. Kitterman has an interest in the funds required to pay for his medical care and treatment.

84. Kitterman's interest in the funds is superior to Defendants'.

85. Defendants exerted dominion or control over, or seriously interfered with, Kitterman's interest in these funds.

86. Defendants converted the reasonable value of the medical care and services ordered by the treating physician. In addition, Kitterman suffered unnecessary waste of time and sick leave, frustration, mental suffering, and other damages as a result of the Defendants' failure to pay his workers' compensation claim and requiring him to proceed through litigation.

## EXEMPLARY AND PUNITIVE DAMAGES

87. Plaintiff realleges paragraphs 1 through 86 above, inclusive, and they are specifically incorporated by reference, as if set out in full herein.

88. As a result of Defendants' actions, Kitterman has endured delay and obstruction of the

payment for his medical care and loss of use of his benefits.

89. Defendants acted with malice, oppression, and deliberate and reckless disregard for the rights of Kitterman.

90. Defendants acted in a willful and wanton disregard of the legal duties imposed on them and the rights of Kitterman.

91. The payment of workers' compensation benefits owed is insufficient to ensure that bad faith practices are not employed in the future.

92. Kitterman is entitled to an award of exemplary and punitive damages as the only way to deter workers' compensation insurers from continuing to employ the same methods against other injured employees and to punish Defendants for their tortious acts.

**WHEREFORE,** Plaintiff requests an award of compensatory damages, including both economic and non-economic losses, exemplary and punitive damages, prejudgment interest as allowed by law, attorney's fees and costs, and such other further relief as the court or jury deems appropriate, necessary, just, and equitable under the circumstances.

Dated this 30th day of June, 2021.

BY: _____
David S. Barari
GOODSELL & OVIATT, LLP
246 Founders Park Dr., Suite 201
P.O. Box 9249
Rapid City, SD 57709-9249
Tel: (605) 343-3000
Fax: (605) 343-3251

Attorneys for Plaintiff

TRIAL BY JURY IS HEREBY DEMANDED

_____
David S. Barari

Case 5:21-cv-05039-JLV   Document 1   Filed 06/30/21   Page 10 of 10 PageID #: 10

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN KITTERMAN

### DEFENDANTS
FARMINGTON CASUALTY COMPANY (TRAVELERS INSURANCE), and THE HARTFORD FIRE INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff  **PENNINGTON**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Barari, Goodsell + Oviatt, LLP
PO Box 9249, Rapid City, SD 57709
(605) 343-3000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | [ ] 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | [X] 360 Other Personal Injury | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Worker's comp insurance bad faith

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 6/30/21

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____